### KEAS v. FOX TRANSFER CO.
#### No. 3148.

Court of Civil Appeals of Texas. El Paso.
Dec. 20, 1934.

John T. Hill and H. A. Van Tassel, both of El Paso, for appellant.

Kemp & Nagle, of El Paso, for appellee.

WALTHALL, Justice.

On May 12, 1933, appellant, Jack Keas, was driving his automobile in a northerly direction on the public highway approaching a bridge on said highway, some twelve or fifteen feet wide and some twenty feet long. At the same time, coming in the opposite direction, appellee's truck was approaching said bridge.

As a negligent act on the part of appellee, proximately causing the injury to his car complained of, appellant alleged that appellee drove its truck upon said bridge when he was on or about to enter upon said bridge. And also alleged other acts of negligence on the part of appellee which proximately caused the injury complained of.

Appellee answered by general denial, and specially alleged that appellant's negligence wholly and proximately caused or contributed to cause his damages complained of, and in any event appellant's "own negligence proximately caused or contributed to cause said injuries and damages, if any, and that but for plaintiff's own negligence, said injuries and damages, if any, would not have occurred."

The case was tried with a jury and submitted upon special issues. Among the negligent acts assigned by appellant the court submitted the following special issue: "Do you find from a preponderance of the evidence that defendant's truck entered upon the bridge where the accident in question occurred, after the plaintiff's car had entered thereon?" The jury answered: "No."

The court submitted the following question: "Do you find from a preponderance of the evidence that the plaintiff drove his automobile on to said bridge after the defendant's truck had entered thereon?" The jury answered, "Yes," and in response to other questions submitted the jury found that in driving his car upon said bridge after defendant's truck had entered thereon plaintiff was guilty of contributory negligence, and that said negligence was a proximate cause of the accident in question.

In answer to special issues submitted the jury found that appellant was negligent in failing to keep a proper lookout for the approaching truck, that such failure was negligence, and proximately caused or contributed to cause the collision.

On the above answers to the issues submitted, and other questions submitted and answers made, not necessary to state, the court entered judgment that appellant take nothing by his suit.

Opinion.

In view of the jury's findings upon the issues submitted as above stated, we deem it unnecessary to discuss or state other issues discussed in appellant's brief, as the court could properly enter no judgment other than the one entered upon the issues as found.

Appellant in his brief and in oral argument insists that the court was in error in submitting to the jury the issues whether appellant drove his automobile onto the bridge after appellee's truck had entered thereon, and whether doing so was negligence and a proximate or contributing cause of the collision and the damages complained of.

The objection stated is to the effect that the court had already submitted the issue whether appellee drove its truck upon the bridge after appellant's automobile already had entered thereon, and that a repetition as to which entered the bridge first was error as in doing so led the jury to believe that the preponderance of the evidence upon the issue was in favor of appellee.

The evidence justified the submission of the issue as to which of the two vehicles entered upon the bridge first. That appellee's truck entered upon the bridge after appellant's car had entered thereon would not necessarily be a finding that appellant's car entered upon the bridge after appellee's truck had entered thereon, and that such entry was negligence and a proximate or contributing cause of the collision. If appellee's pleading justified the submission of such subsequent entry as a negligent act on the part of appellant, which is not questioned here, appellee had the right under the evidence to have the issues submitted whether such second entry upon the bridge on the part of appellant was negligence and a contributing proximate cause of the collision.

The court's definitions of "contributory negligence" and "proximate cause" are not subject to the criticism made by appellant, and the record does not show timely objections were urged to the definitions.

The court submitted appellee's requested issues whether just prior to the collision in question appellant failed to keep a proper lookout for the approaching truck, and whether such failure was negligence proximately contributing to cause the collision and upon which the jury found in favor of appellee.

Appellant objected to the submission of such issues on the ground that the evidence was insufficient to justify their submission.

Having concluded that no reversible error is shown by the record in the matters discussed, the question of the sufficiency of the evidence to show a proper lookout becomes immaterial.

The case is affirmed.